# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL LYONS**<br>21 Highland Avenue<br>Dover, NJ 07801<br><br>*Plaintiff*<br><br>v.<br><br>**PERRY MATTHEW DARBY,**<br>also known as P. Matthew Darby,<br>Matthew Darby and Matt Darby,<br>Darby Law Group, LLC<br>201 International Circle, Suite 200<br>Hunt Valley, Maryland 21030,<br><br>**DARBY LAW GROUP, LLC**<br>201 International Circle, Suite 200<br>Hunt Valley, Maryland 21030,<br><br>**BERMAN, SOBIN, GROSS, LLP,**<br>formerly known as or doing business as<br>Berman, Sobin, Gross, Feldman & Darby LLP<br>481 N. Frederick Avenue, Suite 300<br>Gaithersburg, MD 20877<br><br>and<br><br>**BERMAN, SOBIN, GROSS, FELDMAN & DARBY, LLP,** and its successors and assigns, now known as<br>Berman Sobin, Gross, LLP<br>481 N. Frederick Avenue, Suite 300<br>Gaithersburg, MD 20877<br><br>*Defendants* | CIVIL ACTION<br><br>No.<br><br><br><br>**COMPLAINT and**<br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, MICHAEL LYONS, hereby files this civil action against each and all of the Defendants captioned above, and respectfully represents the following:

### NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff brings this civil action for damages arising from the professional negligence and legal malpractice of Plaintiff's former attorneys, who failed to file a timely lawsuit on Plaintiff's behalf within the applicable statute of limitations.

### JURISDICTION, VENUE AND SERVICE OF PROCESS

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Plaintiff is a citizen and resident of New Jersey, while all Defendants are citizens of Maryland.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial number of the events giving rise to the claims at issue occurred in this district, and because all defendants reside in this state and one or more of them resides within this judicial district.

### THE PARTIES

6. Plaintiff, Michael Lyons, is an adult individual residing at 21 Highland Avenue, Dover, New Jersey 07801.

7. Defendant, Perry Matthew Darby ("Darby"), also known variously as P. Matthew Darby, Matthew Darby and Matt Darby, is an attorney at law of the State of Maryland admitted to practice on December 15, 1988 under attorney identification number 8812150131, who maintains a principle office for the practice of law at 201 International Circle, Suite 200, Hunt

Valley, Maryland 21030. On information and belief, Darby is the owner and managing member of Darby Law Group, LLC and previously was a member and partner of Berman, Sobin, Gross, Feldman & Darby, LLP.

8. Defendant, Darby Law Group, LLC ("DLG"), is a domestic limited liability company of the State of Maryland, chartered on September 14, 2021, with its principal registered office at 1212 York Road, Suite C300, Lutherville, Maryland 21093, and a main office for the practice of law at 201 International Circle, Suite 200, Hunt Valley, Maryland 21030.

9. Defendant, Berman, Sobin Gross, LLP ("BSG"), is a limited liability partnership of the State of Maryland, formerly known as Berman, Sobin, Gross, Feldman & Darby, LLP, engaged in the practice of law, with its principal registered office at 481 N. Frederick Avenue, Suite 300, Gaithersburg, Maryland 20877.  First formed in 1997, BSG changed its name on or about November 1, 2021 from Berman, Sobin, Gross, Feldman & Darby, LLP to Berman, Sobin, Gross, LLP.  On information and belief, Defendant Darby was, at all material times,  a member, agent and/or partner of  Berman, Sobin, Gross, Feldman & Darby, LLP.

10. Defendant, Berman, Sobin, Gross, Feldman & Darby, LLP ("BSGFD") was a limited liability partnership of the State of Maryland, engaged in the practice of law, and is now known as Berman, Sobin, Gross LLP.  BSGFD is therefore named herein together with its successors and assigns. At all material times, Defendant Darby was a member, agent and/or partner of BSGFD, and at all such times, the firm conducted business within this judicial district.

## **STATEMENT OF FACTS**

### A. *THE UNDERLYING INJURY CASE*

11. In December 2018, Plaintiff was a lawful passenger aboard a cruise ship owned and operated by Celebrity Cruises, Inc. departing from Miami, Florida and cruising to Mexico, the Cayman Islands and other destinations.

12. On December 29, 2018, while on the cruise ship, Plaintiff was visiting a spa area on the vessel, which consisted of a relaxation room and lounging area and other amenities available to cruise ship passengers.

13. On the said date and at the said place, Plaintiff slipped and fell on a wet, slippery ramp leading toward a locker room. The ramp had been poorly illuminated, had not been maintained, did not contain appropriate rails or other safeguards against falling, was not coated with slip-resistant materials or strips, and had been permitted to become slippery and dangerous as a result of a lack of due care by the cruise ship staff.

14. Moreover, there were no warnings or signs posted about the dangerous condition on the surface where Plaintiff was walking.

15. The slippery condition had persisted for an extensive period of time prior to Plaintiff's arrival at the location, and the cruise ship and its staff were on notice of the condition. Indeed, they knew or should have known that the slippery condition posed a risk to passengers coming from the spa area, but they failed to take any remedial action to correct the situation or eliminate the risk of injury.

16. At all times material hereto, Celebrity Cruises, Inc. owed Plaintiff a duty to exercise as much reasonable care as was permitted by the circumstances for Plaintiff's safety while Plaintiff was aboard the cruise ship and at all other times during Plaintiff's cruise.

17. The cruise line breached its duties to the Plaintiff by negligently and carelessly failing to properly maintain the passageways on the ship, and by safeguarding the surfaces where Plaintiff was walking on the date and time aforesaid; by failing to ensure adequate lighting, railings and other safeguards, and by otherwise failing to make the ship safe for the benefit of passengers, including the Plaintiff, and by failing to give proper and timely warnings to the Plaintiff, all of which constituted a dangerous, hazardous and foreseeable risk to the Plaintiff herein.

18. As a direct and proximate result of the dangerous conditions, and the Plaintiff's fall thereon, Plaintiff suffered severe, permanent and life-altering injuries, particularly with respect to his left shoulder, including, but not limited to, a torn rotator cuff, a full-thickness tear of essentially the entire subscapularis tendon; a possible full-thickness tear of the infraspinatus tendon; a partial thickness tear of the entire supraspinatus tendon extending to the anterior infraspinatus tendon, and a full-thickness tear of the intra-articular biceps tendon. In addition, Plaintiff suffered injuries to, on and involving his feet, knees, right shoulder, hip and spine,

19. As a further direct and proximate result of the cruise ship's negligence, Plaintiff was left with severe emotional trauma and distress, endured extensive pain and suffering, disability, disfigurement, mental anguish, and loss of the capacity for the enjoyment of life, and he incurred, and will continue to incur, the expense of hospitalization, medical, surgical, therapy and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of previously existing medical conditions. These losses are either permanent and/or continuing in nature and the Plaintiff will suffer from these losses and impairment in the future.

20. Accordingly, Plaintiff was entitled to damages from Celebrity Cruises, Inc., and/or its personnel for the injuries which he sustained, and for which he is still suffering.

### B. *THE ATTORNEY-CLIENT RELATIONSHIP*

21. In or about February 2019, Plaintiff retained Darby, BSG and/or BSGFD as his lawyers to represent him for the purpose of recovering damages for the injuries and losses he sustained in the December 2018 cruise accident described above.

22. At all times material hereto, Darby held himself out as an experienced personal injury attorney and represented that he was working for, with, or under the auspices of BSG and/or BSGFD. Darby now works for, with, or under the auspices of DLG.

23. At all material times, and with respect to all legal services provided, or not provided, as described below, Darby was an owner, partner, agent, servant, or employee of DLG, BSG, BSGFD, and/or one or more of the said law firms, and at all such times, DLG, BSG, BSGFD, or one or more of them, were vicariously liable for Darby's acts, actions, activities and omissions. Moreover, at all such material times, DLG, BSG and/or BSGFD is or was a successor to the law practice of Darby and to the law practice of one or more of the other law firm entities named herein.

24. On information and belief, in accordance with the cruise ship ticket contract to which Plaintiff was bound, Defendants were obligated to give pre-action notice of Plaintiff's claim within six months of Plaintiff's accident and injury; they were then obligated to file a lawsuit on Plaintiff's behalf within one year of the date of the accident, and to serve the said lawsuit on Celebrity Cruises, Inc., within 120 days of filing the lawsuit.

25. Moreover, in accordance with the terms of the cruise agreement, Plaintiff was required to file a timely lawsuit only in the United States District Court for the Southern District of Florida, located in Miami, Dade County, Florida.

26. Defendants herein negligently failed to give timely pre-action notice of Plaintiff's cruise ship claim.

27. Defendants further negligently failed to file a timely lawsuit within the applicable one-year statute of limitations.

28. On information and belief, Darby is not, and never has been, admitted to practice before the U.S. District Court for the Southern District of Florida, and at no time did he apply for admission *pro hac vice* or otherwise qualify to represent the Plaintiff.

29. After missing the deadline to file a suit on behalf of the Plaintiff, Darby became evasive, non-communicative and difficult, if not possible, to reach by phone or otherwise. Nobody else acting on behalf of Darby, DLG, BSG or BSGFD maintained ongoing communications with Plaintiff, and neither Darby nor any of the law firm entities or their personnel advised Plaintiff as to why his claim against Celebrity Cruises, Inc. had been lingering for so long. Plaintiff, meanwhile, placed his trust in the Defendants, relied on their earlier assurances, and presumed that Defendants were tracking the necessary deadlines.

30. In fact, it was not until November 11, 2020 that Plaintiff learned for the first time that Defendants had failed to file his cruise ship lawsuit on a timely basis, had missed the applicable statute of limitations and had effectively destroyed his right to recover damages against Celebrity Cruises, Inc. Because November 11, 2020 was still less than two years from the date of his injury, Plaintiff had no reason, before that date, to know or suspect that Defendants had done anything wrong, but it was on that date that Plaintiff came to know that Defendants had, in fact, missed the filing deadline imposed by the statute of limitations.

31. Plaintiff then realized that Defendants had been carelessly or negligently failing to disclose the circumstances to him, or had been fraudulently concealing the said circumstances.

32. As a direct and proximate result of the Defendants' failure to take timely action on behalf of the Plaintiff, as detailed above, Plaintiff has now been damaged to the same extent as he had been in the underlying cruise ship accident, together with incurring legal fees, court costs, and the time value of (interest upon) his damages.

## CAUSES OF ACTION

*COUNT ONE*

## NEGLIGENCE (LEGAL MALPRACTICE)

33. Plaintiff incorporates herein by reference paragraphs 1 through 32 above as if they were restated hereunder at length.

34. Defendants, having agreed to be retained as counsel by Plaintiff in the underlying case, had a duty to use that degree of care reasonably expected of other legal professionals with similar skills acting under the same or similar circumstances.

35. Defendants breached their duties of care to the Plaintiff by:

- Failing to properly and timely investigate and prepare Plaintiff's claim for filing;

- Failing to give timely and effective pre-action notice of the claim to the cruise line;

- Failing to file a timely lawsuit for the Plaintiff within the applicable statute of limitations;

- Failing to serve any lawsuit within the applicable limitations period;

- Failing to obtain admission to the federal district court in Miami, Florida or to otherwise refer the matter to an attorney duly admitted to practice before the said court;

- Failing to inform Plaintiff that they would not be able to prosecute his cruise injury case in a timely manner so that Plaintiff could retain other counsel prior to the running of the limitations periods;

- Failing to keep Plaintiff fully and accurately informed of the nature and status of the underlying claim and of the anticipated underlying litigation.

36. At all times relevant hereto, Darby acted within the scope of his partnership and/or within the scope of his employment with DLG, BSG and/or BSGFD.

37. As a direct and proximate result of Defendants' breaches of their duties of care, as aforesaid, Plaintiff has suffered substantial and permanent damages, as described above, and including, but not limited to, lifelong physical injuries, psychological trauma and emotional distress, pain and suffering, hospital, medical, surgical and therapy expenses (past, present and future), lost wages, reduction in earning capacity and other vocational impairments, and a loss of life's pleasures.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for an amount in excess of Seventy Five Thousand Dollars ($75,000), plus costs, pre-judgment interest and attorney's fees.

*COUNT TWO*

**BREACH OF CONTRACT**

38. Plaintiff incorporates herein by reference paragraphs 1 through 37 above as if they were restated hereunder at length.

39. Plaintiff entered into a contractual agreement with Defendants whereby, in consideration of fees and other considerations, Defendants would provide professional and competent legal services to Plaintiff in connection with his claim for injuries arising from his 2018 cruise ship accident.

40. Defendants breached their contractual agreement with Plaintiff by failing to preserve Plaintiff's injury claim pursuant to the terms of the cruise ship ticket contract; by failing to serve proper pre-action notice to the cruise line; by failing to file a timely and proper lawsuit; by

failing to take the necessary and appropriate steps to secure and present Plaintiff's claim for damages, by failing to keep Plaintiff informed of his rights and of his options on a timely basis, and by failing to inform Plaintiff promptly of the status and progress of his claim and of the expiration of the applicable statute of limitations.

41. As a result of Defendants' multiple breaches of their contractual agreement with Plaintiff, the Plaintiff sustained substantial damages as detailed above.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for an amount in excess of Seventy Five Thousand Dollars ($75,000), plus costs, pre-judgment interest and attorney's fees.

## *COUNT THREE*

## **BREACH OF FIDUCIARY DUTY**

42. Plaintiff incorporates herein by reference paragraphs 1 through 41 above as if they were restated hereunder at length.

43. Defendants owed fiduciary duties to the Plaintiff to exercise diligence, timeliness, loyalty, fidelity, due care, good faith, honesty and competence during the period of time that they were engaged in an attorney-client relationship.

44.  Defendants each breached the said fiduciary duties owed to Plaintiff by failing to act diligently, timely, with due care and competence in furtherance of Plaintiff's objectives and legal rights, and by further failing to exhibit honesty, good faith and fidelity toward the Plaintiff in keeping him abreast of the status of his case and otherwise enabling him, at every reasonable juncture, to preserve and protect his legal rights and remedies.

45. Defendants placed their own interests above those of the Plaintiff by failing to inform the Plaintiff of the status of his case; by ignoring and avoiding Plaintiff's inquiries, and by failing to disclose the expiration of the deadline for filing a lawsuit on behalf of the Plaintiff.

46. This breach of fiduciary duty is particularly grievous in that the Plaintiff was led to believe that he was getting competent and loyal advice from the Defendants, only to learn after the statute of limitations had expired, that his right to recover damages against Celebrity Cruises, Inc. had been extinguished by operation of law.

47. As a direct and proximate result of the Defendants' breach of fiduciary duties, the Plaintiff suffered damages in that he was denied competent and loyal representation as the Defendant placed their interests above those of the Plaintiffs.

48. All the damages outlined herein were proximately caused by the Defendants' breach of their fiduciary duties to the Plaintiffs without any contributory negligence by the Plaintiff.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for an amount in excess of Seventy Five Thousand Dollars ($75,000), plus costs, pre-judgment interest and attorney's fees.

*COUNT FOUR*

**NEGLIGENT MISREPRESENTATION**

49. Plaintiff incorporates herein by reference paragraphs 1 through 48 above as if they were restated hereunder at length.

50. Defendants represented to Plaintiff that they were experienced, skilled and knowledgeable in handling cruise ship injury cases.

51. Defendants further represented to Plaintiff that they were properly qualified, licensed and trained to appear in such courts as necessary to prosecute Plaintiff's claim for damages.

52. Defendants' representations, as noted above, were in fact, material misrepresentations of fact.

53. Defendants' misrepresentations and concealments of true facts were accomplished carelessly and negligently, in order to induce Plaintiff to retain the Defendants for legal representation, and with the knowledge that Plaintiff would rely upon them and for the purpose of misleading Plaintiff and convincing Plaintiff to place his trust in the Defendants and in their law firm and their attorneys.

54. Plaintiff acted in reliance on the Defendants' representations and their omissions, and such reliance was justified in the circumstances.  In fact, Plaintiff would have obtained independent counsel had Defendants disclosed their lack of experience, skill, knowledge or understanding of cruise ship cases or had Defendants disclosed the fact that they were not authorized, qualified, licensed or admitted to the U.S. District Court for the Southern District of Florida.

55. Defendants knew or should have known that by relying on their representations and omissions, the Plaintiff would suffer direct and proximate damages.

56. As a direct and proximate result of the Defendants' negligent misrepresentations and omissions, Plaintiff has suffered the loss of his right to recover damages for his many serious injuries, losses and setbacks resulting from the cruise ship accident; has incurred extensive legal fees and expenses; has incurred the time and expense of litigation; and has been otherwise damaged.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for an amount in excess of Seventy Five Thousand Dollars ($75,000), plus costs, pre-judgment interest and attorney's fees.

## *COUNT FIVE*

## **FRAUD**

57. Plaintiff incorporates herein by reference paragraphs 1 through 56 above as if they were restated hereunder at length.

58. Defendants were at all times stated herein the attorneys for the Plaintiff.

59. Defendants stood as fiduciaries for Plaintiff in all matters in which they acted as Plaintiff's attorneys as described above and they thereby owed Plaintiff the highest duty of good faith which obligated them to fully disclose to Plaintiff all relevant information which would bear on Plaintiff's decision to retain the Defendants as counsel regarding the Celebrity Cruise line case.

60. Defendants further owed a duty to advise and counsel the Plaintiff on a timely basis, which said duty encompassed a duty to inform the Plaintiff accurately about the status and progress of his claim.

61. Defendants perpetrated a fraud on Plaintiff by failing to disclose to Plaintiff that (a) they were not experienced and skilled in cruise ship litigation; (b) they were unfamiliar with the peculiar notice, filing and service requirements under maritime law, and they were unfamiliar with the applicable statute of limitations; (c) they were not qualified and admitted to practice in the courts necessary to prosecute Plaintiff's claims.

62. Defendants knew or should have known that Plaintiff believed that he was fully protected based upon the communications with the Defendants and that Plaintiff was misled by statements that the Defendants made to Plaintiffs.

63. The statements made to Plaintiff by the Defendants, constituted material misrepresentations, known to be false when made or made with reckless disregard for the truth when made, with the intention that the Plaintiff should act upon the misrepresentations.

64. Plaintiff relied to his detriment and injury on the Defendants' knowing material misrepresentations and omissions of fact.

65. Thereafter, Defendants perpetrated a fraud on Plaintiff by taking actions designed to conceal from Plaintiffs the fact that they had failed to preserve his cruise ship claim and had failed to file or serve a timely lawsuit on his behalf. By their intentional acts and omissions, Defendants avoided communicating with Plaintiff, failed to make timely disclosures to Plaintiff with respect to the progress and status of his case, and during the limited communications that did occur, failed to disclose the Defendants' errors and omissions.

66. Defendants ultimately concealed the true nature of their intentions to mislead Plaintiff and further embarked upon a plan to mislead Plaintiff by avoiding communications with him, delaying contact, and omitting relevant details from any limited communications.

67. As such, Defendants fraudulently concealed their knowledge of a cause of action against them for failing to timely file the Plaintiff's cruise injury case. Despite Plaintiff's own due diligence and repeated inquiries, he did not discover – nor could he have discovered – the existence of his claim for legal malpractice against the Defendants until November 11, 2020.

68. Plaintiff's trust and reliance upon the Defendants was justifiable and reasonable under the circumstances.

69. Defendants' conduct under the circumstances was outrageous, extreme, repugnant, contrary to public policy, contrary to the rules of professional conduct, and especially egregious.

70. As a direct and proximate result of the Defendants' fraud, Plaintiff has incurred extensive legal fees and expenses; suffered the time and expense of litigation; and has been otherwise damaged, including but not limited to, all the damages, losses and setbacks delineated in the foregoing counts of this complaint.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for an amount in excess of Seventy Five Thousand Dollars ($75,000) in compensatory damages, and punitive damages in excess of Seventy Five Thousand Dollars ($75,000), plus costs, pre-judgment interest and attorney's fees.

### *COUNT SIX*

### **RESPONDEAT SUPERIOR**

71. Plaintiff incorporates herein by reference paragraphs 1 through 70 above as if they were restated hereunder at length.

72. Defendants DLG, BSG and/or BSGFD hired, employed and supervised Darby and/or one of more attorneys, paralegals or support staff assigned to the handling of Plaintiff's claims.

73. Darby and one or more other attorneys, paralegals and support staff, were authorized and entrusted by DLG, BSG and/or BSGFD to perform professional services for the Plaintiff.

74. The professional negligence set forth above all occurred on the premises where the Defendants perform legal services.

75. The professional negligence set forth above occurred in the course and scope of the performance of the Defendants' duties and in furtherance of the business of DLG, BSG and/or BSGFD.

76. The negligent acts of Darby were committed in the actual or apparent course and scope of his employment or agency with Defendants DLG, BSG and/or BSGFD.

77. Under the doctrine of respondent superior, Defendants DLG, BSG and/or BSGFD are responsible for the negligent actions of its partner, agent, employee and/or servant, Darby, committed in the actual or apparent scope of his duties.

78. As a direct and proximate cause of the Defendants' negligence, the Plaintiff incurred damages well in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for an amount in excess of Seventy Five Thousand Dollars ($75,000), plus costs, pre-judgment interest and attorney's fees.

          **MARK S. GURALNICK**
          *A Professional Corporation*

By:_____
          **Mark S. Guralnick, Esq.**
          Attorney for the Plaintiffs

DATED:   November 11, 2023

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

          **MARK S. GURALNICK**
          *A Professional Corporation*

By:_____
          **Mark S. Guralnick, Esq.**
          Attorney for the Plaintiffs

DATED: November 11, 2023